**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| Heather Rudy, individually and on behalf of all others similarly situated, | 1:21-cv-03575 |
| Plaintiff, | |
| - against - | |
| Family Dollar Stores, Inc., | |
| Defendant | |

Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss the Complaint

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................ iv

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 1

LEGAL STANDARDS ........................................................................................................ 2

ARGUMENT ....................................................................................................................... 2

I.  PLAINTIFF'S EXPECTATION THE ALMONDS UNDERWENT SOME
SMOKING WAS NOT FANCIFUL OR UNREASONABLE ........................................ 2

    A.  Reasonable Consumer Standard ................................................................ 2

    B.  Defendant's Attempts to Impute Detailed Knowledge to Consumers at
Pleading Stage is Misplaced ...................................................................... 3

    C.  Plaintiff's Claims are Consistent with Pleading Standard Affirmed in
*Bell* ........................................................................................................... 4

    D.  The Almonds are Described as "Smoked" Not "Smoky" ............................ 5

II.  PLAINTIFF'S CLAIMS ARE NOT BASED ON "ENFORCING" FDA
REGULATIONS ........................................................................................................... 6

III.  PLAINTIFF'S ALLEGATIONS OF INJURY ARE SUFFICIENTLY PLED ............... 7

IV.  PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ........................... 8

    A.  Defendant's Reliance on Purported Absence of Notice is Insufficient ....... 8

    B.  Almonds Which are Not Smoked Cannot Pass in Trade as Smoked ........... 8

    C.  The MMWA Claim is Sufficient because it is Based on the Plausible
Express and Implied Warranty Claims ....................................................... 9

V.  COMMON LAW CLAIMS ARE ADEQUATELY PLED .............................................. 9

    A.  Negligent Misrepresentation Claim is Viable ............................................. 9

    B.  The Complaint Exceeds Particularity Requirements for Fraud ................... 10

    C.  Unjust Enrichment is Permitted because Fraud Claim is Viable ................. 11

VI.      PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ............................... 11

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Anchor Bank, FSB v. Hofer*,
    649 F.3d 610 (7th Cir. 2011) ............................................... 11

*Arreola v. Godinez*,
    546 F.3d 788 (7th Cir. 2008) ............................................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................... 2

*Baldwin v. Star Sci., Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015) ............................................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................... 2

*Bell v. Publix Super Markets, Inc.*,
    982 F.3d 468 (7th Cir. 2020) ............................................... 3, 4, 5, 6

*Bonahoom v. Staples, Inc.*,
    No. 20-cv-1942, 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021) ............................................... 9

*Brumfield v. Trader Joe's Co.*,
    No. 17-cv-3239 (LGS), 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ............................................... 5

*Camasta v. Jos. A Bank Clothiers, Inc.*,
    No. 12-cv-7782, 2013 WL 474509 (N.D. Ill. Feb. 7, 2013) ............................................... 11

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir.2014) ............................................... 11

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    475 F. App'x 113 (9th Cir. 2012) ............................................... 4

*Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*,
    159 Ill.2d 137, 201 Ill. Dec. 71, 636 N.E.2d 503 (1994) ............................................... 10

*Davis v. G.N. Mortg. Corp.*,
    396 F.3d 869 (7th Cir. 2005) ............................................... 3

*Ferris Mfg. Corp. v. Carr*,
    No. 14-cv-04663, 2015 WL 279355 (N.D. Ill. Jan. 21, 2015) ............................................... 10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ............................................... 12

*Gociman v. Loyola Univ. of Chi.*,
  515 F. Supp. 3d 861 (N.D. Ill. 2021) ................................................................ 11

*Greene v. Gerber Prod. Co.*,
  262 F. Supp. 3d 38 (E.D.N.Y. 2017) ................................................................. 7

*Hishon v. King,*
  467 U.S. 69 (1984) ............................................................................................ 2

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) .................................................................. 8

*In re Aqua Dots Products Liab. Litig.*,
  654 F.3d 748 (7th Cir.2011) ............................................................................. 8

*In re Bridgestone/Firestone, Inc. Tires Products*,
  155 F. Supp. 2d 1069 (S.D. Ind. 2001) ............................................................ 8

*Islamic Ctr. of W. Suburbs v. Cnty. of DuPage*,
  No. 12-cv-6132, 2012 WL 6605011 (N.D. Ill. Dec. 18, 2012) ....................... 11

*Izquierdo v. Mondelez International Inc.*,
  No. 16-cv-04697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) ...................... 7

*Jessani v. Monini N. Am., Inc.*,
  774 F. App'x 18 (2d Cir. 2018) ......................................................................... 5

*Leiner v. Johnson & Johnson Consumer Companies*,
  215 F. Supp. 3d 670 (N.D. Ill. 2016) ............................................................. 12

*Manley v. Hain Celestial Grp., Inc.*,
  417 F. Supp. 3d 1114 (N.D. Ill. 2019) .............................................................. 9

*McKinnis v. Kellogg USA*,
  No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ...................... 4

*Muir v. NBTY, Inc.*,
  No. 15-cv-9835, 2016 WL 5234596 (N.D. Ill. Sept. 22, 2016) ...................... 12

*Muir v. Playtex Products, LLC*,
  983 F. Supp. 2d 980 (N.D. Ill. 2013) ................................................................ 8

*Phillips v. DePaul Univ.*,
  19 N.E.3d 1019 (Ill. App. Ct. 2014) ................................................................. 3

*Remijas v. Neiman Marcus Group, LLC*,
  794 F.3d 688 (7th Cir. 2015) ............................................................................. 7

*Roberts v. City of Chicago*,
    817 F.3d 561 (7th Cir. 2016) ................................................................... 2

*Schirmer v. Nagode*,
    621 F.3d 581 (7th Cir. 2010) ................................................................. 12

*Slowinski v. Forces of Nature, Inc.*,
    No. 20-cv-2381, 2021 WL 1165099 (N.D. Ill. Mar. 26, 2021) ............................... 7

*Spector v. Mondelēz Int'l, Inc.*,
    178 F. Supp. 3d 657 (N.D. Ill. 2016) .................................................... 11

*United States Sec. & Exch. Comm'n v. Winemaster*,
    No. 19-cv-04843, 2021 WL 1172773 (N.D. Ill. Mar. 29, 2021) ........................... 3

*Werbel v. Pepsico, Inc.*,
    No. 09-cv-4456, 2010 WL 2673860
    (N.D. Cal. July 2, 2010) ..................................................................... 4

*Yeftich v. Navistar, Inc.*,
    722 F.3d 911 (7th Cir. 2013) ................................................................. 10


**Rules**

Fed. R. Civ. P. 9(b) ................................................................................. 12

Fed. R. Civ. P. 12(b)(6) ............................................................................. 2

Fed. R. Civ. P. 12(d) ................................................................................. 7

Fed. R. Civ. P. 56(e) ................................................................................. 8

**Statutes**

15 U.S.C. § 2301(6)(A) ........................................................................... 9

810 ILCS 5/2-314(2)(a) ........................................................................... 9

815 ILCS 505/1 ..................................................................................... 1

## INTRODUCTION

Plaintiff Heather Rudy ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant Family Dollar Stores, Inc. ("Defendant" or "Family Dollar") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 24.

Plaintiff brings claims for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., Compl. ¶¶ 95-100, breaches of warranty, and common law claims, Compl. ¶¶ 101-115, on behalf of a proposed class of Illinois, Texas, Utah, New Mexico, Indiana, West Virginia and North Carolina consumers who purchased Defendant's "Smoked Almonds" under its Eatz brand (the "Product"). Compl. ¶ 1. Plaintiff seeks monetary damages and injunctive relief, expenses, and reasonable attorneys' fees. Compl. at 15, Prayer for Relief, ¶¶ 2-6.

Defendant argues that the claims should be dismissed because no reasonable consumer would be deceived by the Product's representations. *See* ECF No. 19, Memorandum of Law in Support of Motion ("Def. Mem.") and Declarations of Trent Dickey ("Dickey Decl.") and Anna Irvin ("Irvin Decl.") in Support of Motion to Dismiss. ECF Nos. 20, 20-1, 20-2. None of Defendant's arguments are a basis for dismissal, and Defendant's motion should be denied.

## FACTUAL BACKGROUND

Defendant markets its private label almonds as "Smoked," even though they have "not been subjected to any smoking." Compl. ¶¶ 1, 21.

Consumers – including Plaintiff – are accustomed to "products [that] are truthfully and non-deceptively identified as having added smoke flavor," and "the absence of [any] qualifying terms…gives them the false impression that all the [Product's] smoke taste was due to being smoked." Compl. ¶¶ 45-46. Should "consumers discover [NATURAL SMOKE FLAVOR] [on the ingredient list], it fails to tell them the almonds did not undergo any smoking." Compl. ¶¶ 22-23.

Had Plaintiff known the almonds "were not subject to any smoking," she "would not have bought the Product or would have paid less." Compl. ¶ 61. As a result of this misleading labeling, the Product is sold at "a premium price, to other similar products," and its value was "materially less than its value as represented by Defendant." Compl. ¶¶ 59, 62.

## LEGAL STANDARDS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King,* 467 U.S. 69, 73 (1984).

"Rule 12(b)(6) does not countenance…dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556. "[A] plaintiff [need only] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

## I.  PLAINTIFF'S EXPECTATION THE ALMONDS UNDERWENT SOME SMOKING WAS NOT FANCIFUL OR UNREASONABLE

### A.  Reasonable Consumer Standard

To demonstrate a "deceptive act or practice" under the ICFA, a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer." *Phillips v. DePaul Univ*., 19 N.E.3d

1019, 1031 (Ill. App. Ct. 2014).

The "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005); *United States Sec. & Exch. Comm'n v. Winemaster*, No. 19-cv-04843, 2021 WL 1172773, at *16 (N.D. Ill. Mar. 29, 2021) ("Whether a misstatement is material is "an inherently fact-specific finding.").

B.    <u>Defendant's Attempts to Impute Detailed Knowledge to Consumers at Pleading Stage is Misplaced</u>

Defendant conflates "added flavors [and] other additives" with "ingredients," by arguing that "the presence of white fleck on the Almonds [shows] that there is clearly some additional seasoning on them." Def. Mem. at 9. Plaintiff alleged that even smoked almonds are subject to "oil roasting" and may contain "a dash of spices, seasoning and coating (butter)." Compl. ¶ 38. Spice means "

Contrary to Defendant's argument, spices and seasoning are distinct from added flavoring, because the latter "contain[s] 'incidental' additives such as emulsifiers and solvents, that may pose health or nutritive risks," while the former are "aromatic vegetable substance[s]…from which no portion of any volatile oil or other flavoring principle has been removed." Compl. ¶ 7; 21 C.F.R. § 101.22(a)(2).

Defendant relies on a fabricated distinction "that an almond roasted in oil is not the same product as an almond exposed to smoke from burning wood," even though these two methods are not mutually exclusive. Def. Mem. at 8.

This overlooks the Seventh Circuit's opinion in *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 482-83 (7th Cir. 2020), which held that "the reasonable consumer standard does not

presume, at least as a matter of law, that reasonable consumers will test prominent front-label claims by examining the fine print on the back label."

     C.     <u>Plaintiff's Claims are Consistent with Pleading Standard Affirmed in *Bell*</u>

Though Defendant asserts "it is obvious that the Almonds were not subject to an open fire smoking process," this Court is required to "ask whether the plaintiff's interpretation of a statement is facially implausible, not whether the statement is 'clearly' enough misleading." *Bell*, 982 F.3d at 494.

Only "if a plaintiff's interpretation of a challenged statement is not facially illogical, implausible, or fanciful, then a court may not conclude that it is nondeceptive as a matter of law." *Bell*, 982 F.3d at 493.

Examples of these facts include a belief "that the colorful rings and balls of cereal shown on 'Froot Loops' and 'Cap'n Crunch' boxes promised real fruit within," "Original" and "Classic" versions of ice cream were healthier than competitor products, and expecting crackers to contain fresh vegetables. *Bell*, 982 F.3d at 478 citing *McKinnis v. Kellogg USA*, No. 07-cv-2611, 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) ("Froot Loops"); *Werbel v. Pepsico, Inc.*, No. 09-cv-4456, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) ("Cap'n Crunch"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) ("It is implausible that a reasonable consumer would interpret `Original Sundae Cone,' `Original Vanilla,' and `Classic,' to imply that Drumstick [variety] is more wholesome or nutritious than competing products."); *Red*, 2012 WL 5504011, at *3 ("made with real vegetables" not misleading because a cracker is made from wheat).

Defendant relies upon two "truffle" cases for the proposition that "a reasonable consumer would also understand that the Almonds were unlikely to be actually smoked over an open fire due to their price." Def. Mem. at 7 citing *Jessani v. Monini N. Am., Inc.*, 774 F. App'x 18, 19 (2d

Cir. 2018); *Brumfield v. Trader Joe's Co.*, No. 17-cv-3239 (LGS), 2018 WL 4168956, at *2 (S.D.N.Y. Aug. 30, 2018).

However, "almonds that get their smoked taste exclusively or predominantly from being smoked is not a rare or pricy delicacy that would make a reasonable consumer 'double check' the veracity of the front label claim by the fine print ingredient list." Compl. ¶ 43.

The identification of the Product as "Smoked Almonds" "use[s] ambiguity to mislead consumers while maintaining some level of deniability about the intended meaning," *Bell*, 982 F.3d at 477 (noting that "a rule that immunized any ambiguous label so long as it is susceptible to one non-deceptive interpretation 'would validate highly deceptive advertising'").

D. <u>The Almonds are Described as "Smoked" Not "Smoky"</u>

Defendant's main argument is that "smoked almonds" are merely those "seasoned with a smoky flavoring, and not by actual smoking." Def. Mem. at 7. This conflates several relevant terms – seasoned, smoky and flavoring.

First, "seasoned" means to have "had salt, pepper, herbs, or spices added."[1] "Seasoning" cannot add a "smoky flavoring." The only conceivable connection between "smoke" and "seasoning" is that "seasoned" describes the wood used in smoking.[2]

"Smoked" is an adjective used to describe food as "preserved using smoke from burning wood."[3] "*Smoky*" – Defendant's choice – is defined as "having the characteristics of or resembling smoke" or "suggestive of smoke especially in flavor or odor."[4]

---

[1] https://www.lexico.com/en/definition/seasoned
[2] Jeff Savell, <u>Importance of seasoned wood for smoking barbecue</u>, Texas A & M, BBQ, Jan. 7, 2016 ("Using properly seasoned wood to smoke barbecue is one of the keys to having great flavored meat.")
[3] Smoked, Cambridge Dictionary, found at <u>https://dictionary.cambridge.org/us/dictionary/english/smoked</u>
[4] Merriam-Webster Dictionary, found at <u>https://www.merriam-webster.com/dictionary/smoky</u> (emphasis added).

Nowhere on the packaging does Defendant describe the almonds as "Smoky" or "Naturally Flavored Smoky Almonds." Compl ¶¶ 1, 46 ("Competitor products are truthfully and non-deceptively identified as having added smoke flavor where consumers expect to see such a disclosure."). Only in its brief does Defendant claim the "Almonds Were Seasoned with a Smoky Flavoring."

Defendant attempts to analogize "smoked" or "smoky" to "vanilla." Def. Mem. at 5-6. However, this case is about "smoked" almonds. *Colpitts v. Blue Diamond Growers*, No. 20-cv-2487 (JPC), 2021 WL 981455, at *10 (S.D.N.Y Mar. 16, 2021) (distinguishing "smoked" from "vanilla," since the latter "can be used as [] both a noun and an adjective, and can be commonly understood to denote a flavor, in addition to the vanilla bean or an extract from the bean." Here, "smoked" can only be an adjective, defined as "preserved using smoke from burning wood."

Consumers confronted with a product identified as "Smoked Almonds" are not required "to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Bell*, 982 F.3d at 476, 493 (noting that even though lawyers and judges can find ambiguity almost anywhere, "reasonable consumers are actually deceived by the label without ever even noticing any ambiguity.").

## II. PLAINTIFF'S CLAIMS ARE NOT BASED ON "ENFORCING" FDA REGULATIONS

Defendant argues that because Plaintiff "cites to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*. ('FDCA'), and regulations to support her claims of deceptive conduct," she is actually asserting a "private right of action" based on these authorities, which is prohibited. Def. Mem. at 4 citing *Benson v. Fannie May Confections Brands, Inc*., 944 F.3d 639, 645 (7th Cir. 2019).

First, Plaintiff's allegations are based on violations of the ICFA, because marketing a product as "Smoked" when it has not undergone any smoking would be deceptive in the absence of any food labeling requirements. Compl ¶¶ 95-100.

Second, Plaintiff's "state-law claims merely seek to impose similar requirements to what federal law already requires-truthful statements on labels" about the added smoke flavor on the front label. *Slowinski v. Forces of Nature, Inc.*, No. 20-cv-2381, 2021 WL 1165099, at *4 (N.D. Ill. Mar. 26, 2021) .

Third, it is presumptuous and incorrect to deride an entire body of law as "irrelevant" to deceptive conduct. Def. Mem. at 4. This disregards that these laws were established to set minimum standards for labeling, to promote honesty and fair dealing towards consumers.

## III. PLAINTIFF'S ALLEGATIONS OF INJURY ARE SUFFICIENTLY PLED

Defendant contends that Plaintiff's claim of paying a price premium for the Product is a conclusory assertion that "is simply not plausible." Def. Mem. at 11-12. Defendant relies upon out-of-Circuit decision in *Izquierdo v. Mondelez International Inc.*, No. 16-cv-04697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016), which "contradicts the weight of the law in [its own] Circuit." Def. Mem. at 12-13; *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 69 (E.D.N.Y. 2017) ("*Izquierdo* contradicts the weight of the law in this Circuit.").

In *Izquierdo* the plaintiffs "did not allege[] that they paid a higher price of the Candy than they otherwise would have, absent deceptive acts." 2016 WL 6459832, at *7. In contrast, Plaintiff did more than "merely invoking the term 'price premium,'" by alleging that "[T]he Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions." Compl. ¶ 85.

This "financial injury in the form of an overcharge can support Article III standing." *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 695 (7th Cir. 2015) citing *In re Aqua Dots*

*Products Liab. Litig.*, 654 F.3d 748, 751 (7th Cir.2011) ("The plaintiffs' loss is financial: they paid more for the toys than they would have, had they known of the risks the beads posed to children. A financial injury creates standing."); *Muir v. Playtex Products, LLC*, 983 F. Supp. 2d 980, 986 (N.D. Ill. 2013) (holding that a claim that consumer would not have purchased product or not have paid a premium price for the product is sufficient injury to establish standing).

## IV.    PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A.    Defendant's Reliance on Purported Absence of Notice is Insufficient

Defendant asserts Plaintiff "fails to adequately plead the pre-suit notice required for both express and implied warranty claims." Def. Mem. at 13 citing *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015)(express warranty*); Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (implied warranty).

However, Plaintiff alleged she "bought the Product…between April and May 2021," and notified Defendant of the breach in July 2021, "a reasonable time after," through the filing of this action. Compl. ¶ 76; 810 ILCS 5/2-607(3)(a); *In re Bridgestone/Firestone, Inc. Tires Products*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001) (holding that notice can be satisfied by filing of suit).

### B.    Almonds Which are Not Smoked Cannot Pass in Trade as Smoked

Defendant's argument that the implied warranty of merchantability claim is lacking because Plaintiff did not allege the Product

Defendant argues the implied warranty of merchantability fails because Plaintiff "does not show that the Almonds are not fit for human consumption." Def. Mem. at 14 citing *Thorner v. Fleetwood*, No. 00-cv-1012, 2002 WL 1998285, at 1 (N.D. Ill. Aug. 28, 2002).

However, the Product was "not merchantable because [it was] not fit to pass in the trade as advertised," because it was identified as "Smoked Almonds," which gives "the false impression

that all the smoke taste was due to being smoked," when none of its taste was a result of smoking.

810 ILCS 5/2-314(2)(a); Compl. ¶ 45.

    C.    <u>The MMWA Claim is Sufficient because it is Based on the Plausible Express and Implied Warranty Claims</u>

Defendant contests the allegations brought under the Magnuson Moss Warranty Act ("MMWA"), because it does not promise the Product is "defect free or will meet a specified level of performance over a specified period of time." Def. Mem. at 19; 15 U.S.C. § 2301(6)(A).

Defendant asserts that "product description does not constitute a warranty under the Magnuson Moss Warranty Act." Def. Mem. at 14 citing 15 U.S.C. § 2301(6)(A). However, the statement, "Smoked Almonds" is "an[y] affirmation of fact" that the Product will "have an appreciable amount of its smoked taste from having undergone a smoking process." Compl. ¶ 20; 15 U.S.C. § 2301(6)(A).

Since the "[A]dded smoke flavor is unable to impart the same, real smoked taste of real smoking," the Product is not "defect free" because it "lack[ed] the delicate balance of phenolic compounds." Compl. ¶¶ 50-51; 15 U.S.C. § 2301(6)(A); *Bonahoom v. Staples, Inc*., No. 20-cv-1942, 2021 WL 1020986 at *8 (N.D. Ill. Mar. 17, 2021) (finding MMWA requirements similar to express warranty).

## V.    COMMON LAW CLAIMS ARE ADEQUATELY PLED

    A.    <u>Negligent Misrepresentation Claim is Viable</u>

Contrary to Defendant's contention, Plaintiff's negligent misrepresentation claim satisfies an exception to the economic loss rule. Def. Mem. at 14 citing *Manley v. Hain Celestial Grp., Inc*., 417 F. Supp. 3d 1114, 1120 (N.D. Ill. 2019).

9

Defendant's duty to truthfully represent the Product was "based on [its] position, holding itself out as having special knowledge and experience in this area, as custodians of the Eatz brand." Compl. ¶ 109.

This is consistent with similar situations, where a party's "knowledge and expertise cannot be memorialized in contract terms, but is expected independent of the [counter-party's] contractual obligations." *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill.2d 137, 201 Ill. Dec. 71, 636 N.E.2d 503, 515 (1994) (finding negligent misrepresentation where a trusted party breached a duty owed to a plaintiff, independent of any contractual obligation or warranty).

## B.   The Complaint Exceeds Particularity Requirements for Fraud

Defendant argues that Plaintiff's "bare assertions of the state of mind [unsupported] with subsidiary facts" are "insufficient to establish fraud." Def. Mem. at 14 quoting *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013).

However, Plaintiff "adequately alleges the 'who, what, where, when, and how' of the alleged fraud, sufficient to satisfy Rule 9(b)." *Ferris Mfg. Corp. v. Carr*, No. 14-cv-04663, 2015 WL 279355, at *6 (N.D. Ill. Jan. 21, 2015).

The "who" is Family Dollar Stores, Inc. Compl. ¶ 1. The "what" includes the statement of "Smoked Almonds," and image of almonds, in "red packaging evocating of fire." Compl. ¶ 1. The "where" and "when" was at "Family Dollar Stores, Inc., 1106 Washington St, Waukegan, IL, between April and May of 2021, among other times." Compl. ¶ 76. The "how" entailed the addition of "'smoke condensed into a liquid form,' instead of from being smoked," despite the front label [does] not disclos[ing]" this fact. Compl. ¶¶ 20, 22.

10

These facts satisfy Fed. R. Civ. P. 9(b), "although the exact level of particularity that is required will necessarily differ based on the facts of the case." *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

C.    Unjust Enrichment is Permitted because Fraud Claim is Viable

Defendant asserts that Plaintiff's unjust enrichment claim fails because it is duplicative and she "has an adequate remedy at law." Def. Mem. at 15 citing *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016) and *Gociman v. Loyola Univ. of Chi.*, 515 F. Supp. 3d 861, 869 (N.D. Ill. 2021).

However, under Fed. R. Civ. P. 8(d)(2), "Plaintiffs are permitted to plead two or more statements of a claim alternatively or hypothetically, either as a single count or as separate counts." *Islamic Ctr. of W. Suburbs v. Cnty. of DuPage*, No. 12-cv-6132, 2012 WL 6605011, at 8 (N.D. Ill. Dec. 18, 2012). To the extent Plaintiff cannot satisfy the ICFA or common law claims, the Court may hold that the unjust enrichment claim is viable. Thus, because questions of fact remain as to all of Plaintiff's claims, dismissal of unjust enrichment is premature.

## VI.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

Defendant's argument for dismissal of Plaintiff's request for injunctive relief is contrary to the instant facts and legal authority. Def. Mem. at 15 citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014).

That Plaintiff "cannot seek injunctive relief [because she is] are aware of a deceptive practice," "leads to anomalous results." *Le*, 160 F. Supp. 3d at 1109. As the court in *Le* pointed out, the plaintiff in *Camasta* "had merely put forth the bare assertion that 'there [wa]s a substantial danger that these wrongful retail practices w[ould] continue.'" *Le*, 160 F. Supp. 3d at 1111 citing *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12-cv-7782, 2013 WL 474509, at *6 (N.D. Ill. Feb. 7, 2013).

In contrast, Plaintiff "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition," which causes her to avoid purchasing the Product, even though she would like to. Compl. ¶ 86.

This constitutes an imminent threat of future harm sufficient to satisfy Article III's injury-in-fact requirement. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181-85 (2000).

Plaintiff's allegations of continuing harm are not based on conjecture, "because the practices continue." Compl. ¶ 94; *see Muir v. NBTY, Inc.*, No. 15-cv-9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016) (holding that a plaintiff in a consumer products class action could seek injunctive relief where the plaintiff was able to show that the defendant's fraudulent conduct was ongoing).

The ongoing harm exception for injunctive relief exists because Defendant's failure to inform consumers that the Product underwent no smoking is based on the uniform disregard of state requirements that the representations not be misleading. Compl. ¶¶ 95-100; *Schirmer v. Nagode*, 621 F.3d 581, 588 (7th Cir. 2010) (acknowledging that if the challenged conduct was the result of a "policy or custom of misapplying local ordinances against disfavored speech," plaintiffs would have standing).

Finally, even if Plaintiff was *unlikely* to purchase the Product again, she can maintain standing for injunctive relief. *Leiner v. Johnson & Johnson Consumer Companies*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016) citing *Arreola v. Godinez*, 546 F.3d 788, 791, 795 (7th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss or in the alternative grant leave to file an Amended Complaint.

Dated:    December 16, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080

**Certificate of Service**

I certify that on December 16, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan